In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3689

MARY LOU STELTER,

*Plaintiff-Appellant*,

*v.*

WISCONSIN PHYSICIANS SERVICE
INSURANCE CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:17-cv-00463-jdp — **James D. Peterson**, *Chief Judge.*

ARGUED SEPTEMBER 13, 2019 — DECIDED FEBRUARY 20, 2020

Before BAUER, ROVNER, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge.* This appeal is brought by Mary Lou
Stelter against her former employer, Wisconsin Physicians
Service Insurance Corporation ("WPS"), for discrimination
and retaliation in violation of the Americans with Disabilities
Act of 1990 ("ADA"). Alleging she was disabled under the

ADA with back pain that was aggravated by an injury at work, Stelter contends WPS discriminated and retaliated against her, failed to accommodate her disability, and ultimately terminated her based on pretext. The record shows Stelter was terminated for a pattern of job absenteeism and deficiency. The district court granted summary judgment in favor of WPS. We affirm.

## I. BACKGROUND

WPS employed Stelter as a sales support assistant in 2002 and promoted her to agency sales representative in 2007. She was tasked with supporting agency managers in their efforts to sell WPS insurance products. Beginning in 2010 Wendy Harings, an agency manager, expressed concern in Stelter's performance review regarding personal appointments made during work hours. In 2013, Harings again commented in Stelter's performance review about scheduling appointments during work hours and Stelter's need for better familiarity with large group insurance products.

In February of 2014, Stelter injured her back while at work. Following the incident, Stelter filed an injury report and WPS approved her request for time off. On April 17, Stelter's doctor cleared her to return with no restrictions. In June of 2014, Harings conducted Stelter's performance review giving an overall rating of improvement required and placing Stelter on a performance improvement plan. To get Stelter better acquainted with selling large group insurance, Harings had Stelter visit another WPS's office located in Wausau which was roughly a two-hour drive from the location where Stelter worked.

In September of 2014, Harings met with Stelter weekly to discuss tasks and training needs. Harings's notes of their weekly meetings expressed her frustration that Stelter failed to request additional training and continued leaving work for appointments without giving adequate notice. Harings recommended Stelter be terminated. On December 10, 2014, WPS terminated Stelter.

## II.  DISCUSSION

We review a summary judgment *de novo*. *Kopplin v. Wis. Cent. Ltd.*, 914 F.3d 1099, 1102 (7th Cir. 2019). This court examines the record in the light most favorable to the non-movant and construing all reasonable inferences from the evidence in her favor. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). Summary judgment is proper "where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under the ADA, employers are prohibited from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To succeed on an ADA claim, an employee must show three elements: (1) she is disabled; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the adverse job action was caused by her disability. *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016).

The district court considered the second and third elements. As for the second element, the district court found Stelter did not show she was qualified to perform the essential functions of her job. If an individual is not qualified for her job, for reasons unrelated to her disability, "the ADA does not shelter

disabled individuals from adverse employment actions." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 862 (7th Cir. 2005).

In an email, Harings recommended Stelter's termination because Stelter failed to provide notice of her absenteeism, lacked understanding of large group insurance products, and failed to follow directions. Stelter argued Harings's reasons for recommending termination are pretextual. Under a pretext analysis, the focus is whether the employer honestly believed the reason it has given for termination. *Hnin v. TOA (USA), LLC*, 751 F.3d 499, 506 (7th Cir. 2014). To establish pretext, Stelter needed to show through inconsistencies or contradictions by Harings that the reason for termination was not the reason proffered, but instead discriminatory. *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 793 (7th Cir. 2007). The reasons Harings gave for terminating Stelter, including a pattern of absenteeism and deficiency with large group insurance products, were mentioned in Stelter's performance reviews before her injury at work occurred. Therefore, no reasonable jury could conclude that Stelter was terminated on account of a disability. The incidents Stelter provided are more consistent with Harings's continued concerns of Stelter's absenteeism and work deficiency rather than discriminatory animus. "The ADA does not protect persons who have erratic, unexplained absences, even when those absences are a result of a disability. The fact is that in most cases, attendance … is a basic requirement of most jobs." *Waggoner v. Olin Corp.*, 169 F.3d 481, 484 (7th Cir. 1999).

As for the third element, Stelter's termination was an adverse employment action. However, Stelter is unable to show her disability was the "but for" cause of her termination, as required under the third element. *A.H. by Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018). Again, the termination was a direct result of her absenteeism and deficiency with large group insurance products.

Stelter alleges WPS did not accommodate her back injury. When an employee notifies an employer of a disability, the ADA requires an interactive process between the employee and employer to determine an appropriate workplace accommodation as necessary. *Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055, 1061 (7th Cir. 2014). Stelter fails to show an accommodation was requested with regards to a sit-to-stand workstation, flexibility with medical appointments, or driving long distances. "A plaintiff typically must *request* an accommodation for [her] disability to claim that [s]he was improperly *denied* an accommodation under the ADA." *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). We find the district court adequately granted summary judgment on both the second and third element of the ADA claim.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's decision to grant summary judgment in favor of WPS.